UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH CAMPBELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:09-cv-1672-B |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on September 9, 2009. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On February 27, 2007, plaintiff Keith Leroy Campbell (hereinafter "Plaintiff" or "Campbell") filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging a disability onset date of June 2, 1999. (Administrative Record (hereinafter "Tr." at 29, 147-156)). Plaintiff last met the insured status requirements on March 31, 2003. (Tr. 29). Therefore, he was required to establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits, and evidence of a subsequent deterioration of a severe impairment, or of a later-acquired disability, is insufficient. *See Milam v. Bowen,* 782 F.2d 1284, 1286 (5th Cir. 1986).

He alleged disability due to hypertension, diabetes mellitus, leg problems, and testicular pain. (Tr. 32). His claim was denied by the state agency initially and on reconsideration, after

which he requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 29). A hearing was held before the ALJ on September 25, 2008, at which Plaintiff appeared with counsel and testified on his own behalf. (Tr. 54-88). On April 13, 2009, the ALJ denied Plaintiff's request for benefits. (Tr. 36).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council, (Tr. 5-25), and submitted additional evidence to the Appeals Council, to wit: "Medical release dated May 27, 2006 from Lara Johnson, M.D." and "[l]etters from the claimant in support of Appeals Council review covering the period of February 2009 through July 2009." (Tr. 4). The additional evidence was received by the Appeals Council, added to the administrative record, and was considered by the Appeals Council in reaching a decision. (Tr. 4, 37-53). On August 13, 2009, the Appeals Council denied Plaintiff's request for review. (Tr. 1-4). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002). Plaintiff filed his federal complaint on September 9, 2009. Defendant filed an answer on November 12, 2009. On December 7, 2009, Plaintiff filed his brief, followed by Defendant's brief on January 14, 2010.

Standard of Review - Social Security Claims: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22

(quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d at 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

Discussion:   To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing that he is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505, 416.905(a). Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 416.910.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Under the first four steps, a claimant has the burden of proving that his disability prevents him from performing his past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). This burden may be satisfied by expert vocational testimony or other similar evidence. *See*, *e.g.*, *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

3

In the present case, the ALJ proceeded to step four. He found that Plaintiff had a combination of severe impairments, to wit: "disorders of the male genital organs, diabetes mellitus, osteoarthritis - left knee, and essential hypertension", (Tr. 31), but that the combination of his impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27, 32). The ALJ found that Campbell retained the residual functional capacity ("RFC") for the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c), and that Campbell was capable of performing his past relevant work, to wit: "laborer-construction help, cashier, cook / cashier, and maintenance worker". (Tr. 32, 36). Campbell, proceeding before the court *pro se*, argues that the Appeals Council improperly denied his request for review, and that substantial evidence supports a finding of disability.

Medical history:

In determining the severity of Campbell's limitations and his RFC, the ALJ considered the medical evidence of record and Campbell's subjective testimony. As the ALJ stated in his decision, the medical evidence indicated that Campbell had epididymitis in 1996, which continued to cause him pain in his genital area until at least 2000. (Tr. 33-34, 490). Dr. Lige B. Rushing, Jr., M.D. performed a consultative internal medicine examination on November 2, 2007, and noted that Campbell's right testicle and epididymis were normal, there were no tumors or abnormalities noted, and neurologically, Campbell was "okay." (Tr. 33, 490-492).

Campbell fell in January 1999 and has experienced knee pain since that time. *Id*. While he did not have any "operations or studies performed" on his knee, he was diagnosed with left knee osteoarthritis sometime before November 7, 2003, and was diagnosed with left knee "degenerative joint disease - osteoarthritis" on July 31, 2006. *Id*. Dr. Rushing conducted an x-

4

ray on Campbell's left knee, which was normal, and found that he had no substantial impairment of the left knee. *Id*.

Campbell's medical records indicate a history of diabetes since at least 1998, and a history of poorly-controlled hypertension. *Id*. On June 10, 2008, Dr. Lara Johnson, M.D., evaluated Campbell, completed temporary disability paperwork for him, and assessed that he was disabled due to pain and swelling in the right ankle and diabetes mellitus. (Tr. 35, 524-526). The ALJ took note of the disability assessment completed by Dr. Johnson, stated that the determination of disability is reserved to the Commissioner, and found that "[i]n this case, opinion, reported findings and restrictions indicated by the claimant's treating physician are given appropriate consideration and are not inconsistent with the residual functional capacity determined in this decision." (Tr. 35).

While the ALJ's wording is somewhat unclear, it is obvious that he considered Dr. Johnson's opinion in light of the other medical evidence of record and found that her report of Campbell's medical condition was consistent with the other medical evidence of record but that her opinion regarding the disabling nature of Campbell's impairments was not supported by substantial evidence. The ALJ found the medical evidence of record to be consistent with a RFC for medium work, including Campbell's past relevant work. (Tr. 32, 35-36).

The ALJ also found that Campbell was not entirely credible in his testimony, citing inconsistencies between Campbell's alleged levels of pain and his activities of daily living. (Tr. 35). His activities of daily living included using a library computer for thirty-minute periods to use e-mail, walking "about one block" before needing to rest his leg, and "going to the doctor, writing letters some days to agencies trying to get assistance, goes to the library one to two hours

5

to read, he goes to bible study and attends church services, and he also goes to Sunday School." *Id*. The ALJ found these activities of daily living to be inconsistent with the disabling levels of pain alleged by Campbell. *Id*.

Analysis:

Campbell argues that the Appeals Council improperly denied his request for review, and that substantial evidence supports a finding of disability. As stated above, the Plaintiff bears the burden of proof under the first four steps of the sequential evaluation. At step 3, the ALJ found that Plaintiff's combination of impairments did not meet a listed impairment. At step 4, the ALJ found that Plaintiff was capable of performing a full range of medium work, including his past relevant work. Following the ALJ's decision, Plaintiff submitted additional evidence to the Appeals Council. In its decision denying Plaintiff's request for review, the Appeals Council explicitly stated that it had considered the additional evidence submitted by Campbell and had entered it into the record, and found that "this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 1-4). The additional medical evidence submitted by Plaintiff did not relate back to the relevant period of June 2, 1999 through March 31, 2003. *See, e.g., Falco*, 27 F.3d at 164; *Milam*, 782 F.2d at 1286.

Plaintiff's additional evidence included a statement from Plaintiff arguing that the ALJ did not properly consider his medical records, that the ALJ fabricated some of the medical records, and that the ALJ failed to consider Campbell's restricted range of motion in his right thigh, his inability to bend without pain, and a problem where his "left leg buckles and gives out while walking". (Tr. 38-39). Campbell further stated that the denial of benefits caused him "homelessness, starvation, extreme cold weather exposure, no doctors treatment to left thigh

muscle because doctors are afraid they will not get paid"; that until a work-related injury caused his disability he was a working man; and that he is the son of a deceased veteran. (Tr. 40).

Plaintiff Campbell submitted a form stating that he has been receiving food and shelter from Georgia Campbell since January 6, 1999, and that he has an agreement to repay her $200.00 per month "whenever funds become available". (Tr. 50-51). He submitted a list of medications he takes for pain, high blood pressure, cholesterol, and an infection. (Tr. 52). He also submitted a medical release statement completed by Dr. Johnson on May 27, 2006. (Tr. 53). The statement consists of a checklist-style form, and the only block checked is block (3)(a), stating that the individual is unable to work or participate in activities to prepare for work, and that the disability is permanent. *Id*. Dr. Johnson listed "chronic left thigh pain s/p injury" as the primary disabling diagnosis, and "diabetes mellitus" as the secondary diagnosis. *Id*. Apart from the checked block (3)(a) and the names of the diagnoses, the medical release statement contains no information or indication as to how Dr. Johnson reached her conclusion. *Id*.

While the court is sympathetic to Campbell's personal predicament, succinctly stated, the evidence he submitted to the Appeals Council adds nothing material to his disability claim that would cast doubt on the weight which the ALJ gave to the medical evidence of record and to Plaintiff's subjective testimony at the September 25, 2008 hearing. "For new evidence to be material, there must exist the 'reasonable possibility that it would have changed the [Commissioner's] determination'." *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994), citing *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). The additional evidence submitted by Campbell neither establishes an absence of substantial evidence to support the ALJ's decision nor constitutes "material new evidence".

To the extent Campbell argues that the decisions of the ALJ and / or the Appeals Council are not supported by substantial evidence, the court disagrees. "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir., 2001) (citations omitted). In determining whether substantial evidence of disability exists, proof of objective medical facts, diagnoses and opinions of treating and examining physicians, the Plaintiff's subjective evidence of pain and disability, and his age, education, and work history are factors to be weighed. *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir., 2005) (citing *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991)). The ALJ considered these factors in reaching his decision to deny Plaintiff's request for benefits.

While the ALJ acknowledged that Plaintiff experiences some level of pain as a result of his severe impairments, (Tr. 34), pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling." *Falco*, 27 F.3d at 163 (5th Cir. 1994). Plaintiff failed to show that his pain is "constant, unremitting, and wholly unresponsive to therapeutic treatment". In the Fifth Circuit, an ALJ must give reasons for rejecting a claimant's subjective testimony only where the evidence clearly favors the claimant. *Id*. The ALJ considered the medical evidence of record, as well as Plaintiff's subjective testimony, in reaching his decision, and his decision is supported by substantial evidence.

Regarding the medical release statements by Dr. Johnson, "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir.2000); *see also Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir.1994). Moreover, "[t]he determination that a claimant is unable to work is a legal conclusion

8

reserved exclusively to the Commissioner." *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003); *see also* 20 C.F.R. § 404.1527(e)(1).  Dr. Johnson's May 2006 medical release statement, (Tr. 53), submitted by Campbell to the Appeals Council, contains an opinion regarding the disabling nature of Campbell's leg pain and diabetes that is very similar to the June 2008 medical report by Dr. Johnson.  (Tr. 524-526).  The ALJ addressed the June 2008 report in his opinion, finding that the disability determination was reserved to the Commissioner, and that Dr. Johnson's determination of disability was not supported by the evidence of record.  (Tr. 35). Importantly, there is nothing in the medical record that would indicate that Dr. Johnson's opinions in 2006 and 2008 relate back to the relevant period from June 2, 1999 through March 31, 2003.  *See Milam,* 782 F.2d at 1286.  The ALJ properly exercised his responsibility as fact finder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were supported by the record.  "These are precisely the kinds of determinations that the ALJ is best positioned to make."  *Falco*, 27 F.3d 160 at 164 (5th Cir. 1994).  The ALJ's decision is supported by substantial evidence in the record, as is the decision of the Appeals Council to deny Plaintiff's request for review.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and its judgment DISMISSING this action with prejudice.  A copy of this recommendation shall be transmitted to counsel for the parties.

9

Signed this 8th day of March, 2010.

                                            WM. F. SANDERSON, JR.
                                            UNITED STATES MAGISTRATE JUDGE

## NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.